UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CASE NO.: 16-18788-BKC-AJC
Chapter 7

**JULIANA CHALA**
SSN: XXX-XX-5928

Debtor. /

**TRUSTEE'S MOTION TO COMPEL TURNOVER OF DOCUMENTS FROM DEBTOR**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Juliana Chala (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 521, 541 and 542, files his Motion to Compel Turnover of Documents from Debtor (the "Motion"), and in support thereof, states as follows:

## I. Background

1. This case commenced on June 21, 2016 (the "Petition Date") with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor, Juliana Chala (collectively, the "Debtor"). Subsequently, Joel L. Tabas was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

2. The § 341 Meeting of Creditors was initially scheduled for July 21, 2016, but was continued thrice, and ultimately concluded on, September 26, 2016.

**The Document Request**

3. On September 20, 2016, the Trustee, through counsel, requested certain documents and information necessary for the proper administration of this Estate (the "Document Request"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

4. Despite repeated requests, the Debtor has failed to turn over any of the documents or information requested in the Document Request.

5. The documents and information sought in the Document Request is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S. C. § 542.

6. Moreover, 11 U.S.C. § 521(a)(3) requires the Debtor to "…cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" and 11 U.S.C. § 521(a)(4) requires a debtor to "...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

7. The Debtor's failure to turn over the documents and information requested in the Document Request not only violates the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), but is also severely prejudicing the Trustee's administration of this Estate.

## II. Relief Requested

8. Accordingly, the Trustee seeks entry of an order directing the Debtor to immediately turn over the documents and information responsive to the Document Request.

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Juliana Chala, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) directing the Debtor to immediately turn over all documents and information requested in the Document Request; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on October 26, 2016, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to the following:

Juliana Chala
3110 NW 4th Terrace
Miami, Florida 33125

Respectfully submitted,

/s/ Joel L. Tabas

Joel L. Tabas
Fla. Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Trustee, Joel L. Tabas
One Flagler Building
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jtabas@tabasfreedman.com

**Joshua D. Silver**

| | |
|---|---|
| **From:** | Joshua D. Silver |
| **Sent:** | Tuesday, September 20, 2016 6:18 PM |
| **To:** | 'osley@sallentlaw.com' |
| **Cc:** | Krystle Borrego |
| **Subject:** | Juliana Chala 16-18788 |
| **Importance:** | High |

Osley -

I write to you on behalf of Joel Tabas, the Trustee for the above-referenced bankruptcy estate (the "Estate"). Upon review of the Debtor's petition, schedules and pleadings and papers filed to date, our office requires the following additional documents and information in order to properly administer the Estate:

1. A true and correct copy of the Debtor's 2014 & 2015 federal income tax returns;

2. All documents evidencing, relating to or referring to the Debtor's interest in Mayra's ALF3 and Mayra's Adult Living Facility, Inc. (collectively, the "Businesses"), including, without limitation: (a) the 2014 and 2015 Federal Income Tax Returns for the Businesses; (b) the most recent 2016 internal financial statement (income statement and balance sheet) for the Businesses; (c) a detailed listing of all inventory, equipment, vehicles and other tangible assets owned by each of the Businesses as of the Petition Date (June 21, 2016); and (d) one year of account statements and cancelled checks in excess of $500, up to and including the Petition Date, for all financial accounts in which each of the Businesses has or has had any interest in;

3. Colored photographs of the household goods and furnishings listed on line 6 of the Debtor's Schedule "A/B" with a scheduled value of $33.00 and copies of any documents that support the scheduled valuation.

4. Colored photographs of the electronics listed on line 7 of the Debtor's Schedule "A/B" with a scheduled value of $430.00 and copies of any documents that support the scheduled valuation.

5. Colored photographs of the jewelry listed on line 12 of the Debtor's Schedule "A/B" with a scheduled value $300.00 [ECF 1] and copies of any documents that support the scheduled valuation.

6. The Debtor's Schedule "A/B" does not disclose the Debtor's ownership interest in any vehicles, and Schedule "G" does not reflect any leased vehicles. Accordingly, please advise what means of transport the Debtor uses on a day to day basis.

I appreciate your help in gathering the above-requested documents. Should you have any questions, comments or concerns, please do not hesitate to contact me. Thank you for your anticipated prompt attention to this matter.

**The Trustee reserves the right to request additional information and documents as the investigation continues, additional issues are uncovered, and as further clarifications are required.**

TABAS | FREEDMAN
Attorneys

Joshua D. Silver
Tabas, Freedman & Soloff, P.A.
One Flagler Building



EXHIBIT
"A"

14 Northeast First Avenue, Penthouse
Miami, FL 33132
Phone: (305) 375-8171
Fax: (305) 381-7708
jsilver@tabasfreedman.com
www.tabasfreedman.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at (305) 375-8171 and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Thank you.